Dear Ms. Eisworth:
You advise this office that you have recently accepted the position of the Director of Finance of the Livingston Parish Council. You also hold the local elective office of the Justice of the Peace in Ward One of Livingston Parish. The inquiry concerns the legality of the simultaneous holding of these positions.
The Dual Officeholding and Dual Employment laws of this state,LSA-R.S. 42:61, et seq., govern our response. Therein, it is permissible for a justice of the peace, who holds local elective office, to also hold local full-time employment with the local parish governing authority.LSA-R.S. 42:63(D) prohibits the simultaneous holding of these positions where the employment is within "the same political subdivision in which he holds elective office". Justice of the peace courts and parishes are separate political subdivisions as defined by LSA-R.S. 42:63(9), and for that reason, the prohibition does not apply to the facts related.
However, note that the office of Justice of the Peace is considered to be within the purview of the Code of Judicial Conduct administered by the Judiciary Commission of the Louisiana Supreme Court. You should further direct your inquiry to Mr. Hugh Collins, Judicial Administrator, 301 Loyola Avenue, Room 109, New Orleans, Louisiana, 70112.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 96-356
September 4, 1996
78 DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.
A deputy sheriff may not serve as a justice of the peace, as per advisory ruling of the Judiciary Commission.
Honorable Connie G. Moore Justice of the Peace St. Tammany Parish P.O. Box 1133 Covington, LA 70434
Dear Ms. Moore:
In response to your inquiry of recent date, we enclose a copy of a ruling recently issued by the Judiciary Commission indicating that a deputy sheriff may not also serve as a justice of the peace.
In response to your second inquiry, the Dual Officeholding and Dual Employment provisions, LSA-R.S. 42:61, et seq., are generally applicable only to the holding of two public offices. Here, a psychologist would hold a position within the private sector, thereby making those provisions inapplicable.
However, we advise you to consult the Judiciary Commission, at the number on the enclosed correspondence for a further advisory ruling.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Enclosure